The STATE of Wyoming, Appellant
(Plaintiff),

v.

Harry STEELE, Appellee (Defendant).

No. 5311.

Supreme Court of Wyoming.

Dec. 19, 1980.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Criminal Division, Cheyenne, and William H. Jackson, Jr., Pinedale, Sp. Asst. Atty. Gen., for appellant.

John S. Mackey, Pinedale, for appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROONEY, Justice.

Pursuant to § 7–12–102, W.S.1977,[1] appellant–State made application to this court for permission to file a Bill of Exceptions

---

1. Section 7–12–102 provides:

"The prosecuting attorney may take exceptions to any opinion or decision of the court during the prosecution of the cause; and the bill containing the exceptions upon being presented, shall, if it be conformable to the truth, be signed and sealed by the court, which shall be made a part of the record, and be in all respects governed by the rules established as to bills of exceptions in civil cases, except as herein provided."

Section 9–2–505, W.S.1977, impliedly amended § 7–12–102 by directing that the attorney general "shall represent the state in all criminal cases in the supreme court."

The attorney general joined the county attorney in making application to file the Bill of Exceptions in this case.

relating to certain orders and proceedings had in the district court in this matter. We granted permission to do so.

In substance, the Bill of Exceptions alleged error in four respects: (1) After refusal of the trial court to accept a plea of nolo contendere from appellee, finding him "not guilty" and releasing and discharging him before receiving or entering a different plea and without a trial if a guilty plea or "unfit to proceed" plea were made or entered; (2) after entering of a nunc pro tunc order changing the previous refusal to accept the nolo contendere plea from appellee and accepting it, finding him "not guilty" and releasing him and discharging him; (3) the making of statements by the trial judge which were critical of the actions of the Game and Fish Commission; and (4) the questioning by the trial judge of the decision of the prosecuting attorney to file criminal charges in this case.[2]

We find error as contended in the first and second allegations.

■ We will not consider the third and fourth allegations of error inasmuch as appellant has not supported them with reference to substantiating authority or with cogent argument. We have often said that such is necessary. *Scherling v. Kilgore,* Wyo., 599 P.2d 1352 (1979); *Cherniwchan v. State,* Wyo., 594 P.2d 464 (1979).

Appellee was charged under § 23-3-107, W.S.1977 with unlawfully killing big game animals (moose). The original information was in 16 counts, one for each of 16 moose. Appellee entered a plea of "not guilty" thereto. The prosecuting attorney agreed to file an amended information containing only 8 counts, and appellee agreed to change his plea to nolo contendere to the charges in the amended information. On August 16, 1979, the trial judge made careful inquiry into the voluntariness of appellee's plea and his understanding of it pursuant to Rule 15(d), W.R.Cr.P. In doing so, he noted that the basic difference between a "nolo contendere" and "guilty" plea was

only in its use in connection with a subsequent civil action and that the court could refuse to accept the nolo contendere plea, in which instance the appellee would stand trial unless he pleaded guilty. Appellee, nonetheless, entered a plea of nolo contendere.

When appellee came before the trial judge on September 21, 1979 for sentencing, the judge found "that the plea of nolo contendere should not be accepted. The court finds the defendant not guilty. The defendant is released and discharged." On February 15, 1980, the trial judge executed a lengthy "Orders and Judgment of Acquittal" document. It recited the history of the case as the judge viewed it, including the statement that:

"the court double checked the transcript with the reporter and is satisfied that it said 'should *not* be accepted.' In truth and in fact the court intended, and intends, that the plea should be accepted and accordingly hereby amends that finding nunc pro tunc.

"IT IS HEREBY ORDERED, CONSIDERED, ADJUDGED, AND DECREED:

\*    \*    \*    \*    \*    \*

"The defendant's pleas of nolo contendere to each of the counts in the information be and the same hereby are accepted, \* \* \*. The court finds the defendant not guilty. The defendant is released and discharged."

Rule 15(a) and (b), W.R.Cr.P. provides:

"(a) *Alternatives.*—A defendant may plead not guilty, not guilty by reason of mental illness or deficiency, unfit to proceed by reason of mental illness or deficiency, guilty, or nolo contendere. If a defendant refuses to plead or if a defendant corporation fails to appear, the court shall enter a plea of not guilty.

"(b) *Nolo Contendere.*—A defendant may plead nolo contendere only with the consent of the court. Such a plea shall be

---

2. The merits of the case itself were extensively discussed by the parties and by the trial judge during the proceedings in the trial court. They

were also subject of discussion in briefs and oral arguments to this court, but they are irrelevant to the issues before us.

accepted by the court only after due consideration of the views of the parties and the interest of the public in the effective administration of justice."

██ "Nolo contendere" means literally "I do not wish to contest." It has the same effect as a plea of guilty for the purposes of the case, but it cannot be used as an admission in a civil case for the same act. It is an implied admission of every essential element of the offense for the purposes of the case. As such, it is in the nature of a compromise between the prosecution and the accused for the purpose of disposing of the case. The court may accept it without first satisfying itself that the defendant committed the crime charged as it must do on a plea of guilty. Issues of fact do not remain, and, if accepted by the court, the court must enter judgment on the plea. 1 Wright, Federal Practice and Procedure: Criminal, § 177 (1969); *Qureshi v. Immigration & Naturalization Service of Department of Justice of United States*, 5 Cir. 1975, 519 F.2d 1174; *Lott v. United States*, 367 U.S. 421, 81 S.Ct. 1563, 6 L.Ed.2d 940 (1961); *Tempo Trucking and Transfer Corporation v. Dickson*, D.C.N.Y., 405 F.Supp. 506 (1975); *United States v. American Radiator & Standard Sanitary Corporation*, D.C.Pa., 288 F.Supp. 696 (1968); *Peel v. State*, Fla.App., 150 So.2d 281 (1963); *United States v. DeGregory*, D.C.Pa., 220 F.Supp. 249 (1963), affirmed 3 Cir. 1965, 341 F.2d 277, cert. denied, 382 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 89 (1965); *United States v. Lair*, 8 Cir. 1912, 195 F. 47, cert. denied 229 U.S. 609, 33 S.Ct. 464, 57 L.Ed. 1350 (1913); *Singleton v. Clemmer*, D.C.Cir.1948, 166 F.2d 963; *Federal Deposit Ins. Corporation v. Cloonan*, 165 Kan. 68, 193 P.2d 656 (1948); 21 Am.Jur.2d Criminal Law §§ 497 through 502.

██ In a criminal case, the defendant's plea formulates the issues for trial. The entry of a plea is essential to a valid conviction. *Hoggatt v. State*, Wyo., 606 P.2d 718 (1979); *Fletcher v. State*, 20 Wyo. 284, 123

P. 80 (1912); *Hamilton v. State of Alabama*, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), on remand, 273 Ala. 504, 142 So.2d 868 (1962); *Claghorn v. Brown*, Okl.Cr.App., 505 P.2d 998 (1973); *State v. Lyles*, Iowa, 225 N.W.2d 124 (1975); *People v. Bain*, 358 Ill. 177, 193 N.E. 137 (1934). See Rule 14, W.R.Cr.P. which directs that an arraignment *shall* be conducted in open court. Rule 15(a), W.R.Cr.P., supra, provides for entry of a plea of not guilty if a defendant refuses to plead. See *Hoggatt v. State*, supra.

██ Accordingly, if the trial court refused to accept appellee's plea of nolo contendere, it should have required a different plea from him, entering a plea of not guilty for him if he refused to comply with the requirement. It was error to make a determination relative to guilt. The issue had not been formulated as is necessary for additional proceedings. If the different plea were "not guilty," a trial on the issue of guilt was necessary before a determination as to such issue could be made. If the plea were "guilty," the contrary could not be found by the court, and the only action to be taken would be to enter judgment on the plea.

██ On the other hand, if the trial court did accept appellee's plea of nolo contendere, it should have proceeded with sentencing procedures, treating the plea as having the same effect as a plea of guilty. Again it was error to attempt to find appellee not guilty, and, again, the only action to be taken would be to comply with the requirements set forth in *Cardenas v. Meacham*, Wyo., 545 P.2d 632 (1976) relative to the voluntary nature of the plea, etc., and thus enter judgment on the plea and impose an appropriate sentence.

██ Therefore, the trial court erred in finding appellee not guilty and releasing and discharging him after (1) refusing to accept his plea of nolo contendere, and (2) after changing such refusal and accepting the plea of nolo contendere.[3] Accordingly,

**3.** Our holding makes it unnecessary for us to address the propriety of the nunc pro tunc order.

the exceptions relating thereto are sustained.

Such determination of error by us does not require further action or direction by us in the nature of reversal, remand, or otherwise, inasmuch as our decision in matters presented by bills of exception is for governance of similar cases now pending or arising in the future. Section 7–12–105, W.S. 1977 provides:

"The judgment of the court in the case in which the bill [of exceptions] was taken shall not be reversed nor in any manner affected, but the decision of the supreme court shall determine the law to govern in any similar case which may be pending at the time the decision is rendered, or which may afterwards arise in the state." (Bracketed material supplied.)

Accordingly, further proceedings, if any, to be taken in this case are within the discretion of the prosecuting attorney.