2001 WY 38

**Thomas PEITSMEYER, Appellant,
(Defendant),**

v.

**The STATE of Wyoming,
Appellee, (Plaintiff).**

No. 00–108.

Supreme Court of Wyoming.

April 11, 2001.

Representing Appellant: Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Tina N. Kerin, Assistant Appellant Counsel. Argument by Ms. Kerin.

Representing Appellee: Gay Woodhouse, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General. Argument by Mr. Pauling.

Before LEHMAN, C.J., and GOLDEN, HILL, and KITE, JJ.

HILL, Justice.

[¶ 1] Appellant, Thomas Peitsmeyer, contends that the district court erred in imposing sentence on a charge of aggravated assault and battery[1], to which Peitsmeyer entered a plea of nolo contendere. The basis of his contention is that the district court did not comply with the requirement of W.R.Cr.P. 11(f) that: "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." He asks as a remedy that we vacate the district court's judgment and sentence and remand to the district court with directions

---

1. Wyo. Stat. Ann. § 6–2–502(a)(ii) (LEXIS 1999) provides:

   (a) A person is guilty of aggravated assault and battery if he:

   . . . .

   (ii) Attempts to cause, or intentionally or knowingly causes bodily injury to another with a deadly weapon;

The definition of deadly weapon includes a motorized vehicle. Wyo. Stat. Ann. § 6–1–104(a)(iv) (LEXIS 1999).

that Peitsmeyer be permitted to withdraw his plea of nolo contendere[2].

[¶ 2] We shall affirm on the dual bases that the district court is not required to ensure that a factual basis appears in the record when accepting a plea of nolo contendere and because the record indisputably establishes that a full factual basis was presented to the district court.

[¶ 3] Peitsmeyer advances only one argument in this appeal:

Should Appellant be allowed to withdraw his plea of nolo contendere to the charge of aggravated assault, as there was no factual basis for the plea?

[¶ 4] The pertinent facts are these. Peitsmeyer obtained stolen credit cards and was using them at Frontier Mall in Cheyenne. Security staff at the mall became suspicious and called the police. A police officer arrived as Peitsmeyer was fleeing the mall, pursued by a security officer. The police officer was in the process of attempting to arrest Peitsmeyer, when Peitsmeyer looked the police officer in the eye, and put his car in gear and accelerated, striking the police officer in the knee and thigh. Peitsmeyer was taken into custody after he rolled his car while being pursued by law enforcement officers. At the time he entered his plea, Peitsmeyer was even asked if he had any quarrel with that recitation of the factual basis for his plea, and he indicated that he did not. During allocution at his sentencing, Peitsmeyer indicated to the district court that he did not really intend to cause any injury to the police officer[3]. In propounding his argument, Peitsmeyer relies in part on a statement of the trial court he contends indicates that the sentencing judge did not believe Peitsmeyer had attempted to injure the police officer. In context, we conclude that the sentencing court only indicated that the police officer had not been injured (but the inference stands that Peitsmeyer attempted to injure the police officer).

[¶ 5] We hold that the record contained a satisfactory presentation of the factual basis for Peitsmeyer's crime and his plea, and the district court did not err in accepting the plea or in sentencing Peitsmeyer for it.

[¶ 6] The record is also clear that all elements of the crime of assault and battery are contained in the amended information. We note the following authority:

At one time in the past the Advisory Committee on Criminal Rules proposed that a plea of nolo contendere not be accepted without the court first satisfying itself that the defendant committed the crime charged. This overlooked the fact that an innocent defendant may not wish to contest the charge and that the nolo plea is a means for him or her to do this. Accordingly that proposal was not adopted and Rule 11(f), requiring the court to determine the accuracy of a plea, applies to guilty pleas but not to pleas of nolo contendere.

1A Charles Alan Wright, Federal Practice and Procedure: Criminal 3d § 177 (1999).

[¶ 7] We embrace that proposition because any other reading of W.R.Cr.P. 11(f) would obliterate the distinction between a plea of guilty and a plea of nolo contendere. *State v. Steele*, 620 P.2d 1026, 1028 (Wyo. 1980); *State v. Merino*, 81 Hawai'i 198, 915 P.2d 672, 691–92 (1996). Thus, we expressly hold that a district court need not obtain a factual basis when accepting a plea of nolo contendere, so long as the charging document, whether it be an information, indictment, or other charging form, contains an accurate and complete statement of all the elements of the crime charged.

[¶ 8] The judgment and sentence of the district court is affirmed in all respects.

---

2. In an effort to make sure the proceedings are clear to our readership, we point out that Peitsmeyer did not file a motion to withdraw his plea either before or after sentencing.

3. Peitsmeyer had similar explanations about most of the other 23 felonies (most of which occurred in Colorado), for which he was convicted in the seven years preceding his sentencing in the instant case.