2004 WY 59

**Mark Quixote VAN HAELE,**
**Appellant(Defendant),**

v.

**The STATE of Wyoming,**
**Appellee(Plaintiff).**

No. 03–138.

Supreme Court of Wyoming.

May 25, 2004.

Representing Appellant: James P. Castberg, Sheridan, WY.

Representing Appellee: Patrick J. Crank, Attorney General; Paul S. Rehurek, Deputy. Attorney General; Robin Sessions Cooley, Deputy Attorney General; and ·D. Michael Pauling, Senior Assistant Attorney General.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

LEHMAN, Justice.

[¶ 1] This is an appeal from a judgment finding appellant Mark Quixote Van Haele guilty of aggravated assault and battery upon the district court's acceptance of an unconditional plea of nolo contendere under a plea agreement. In addition, Van Haele seeks relief from the district court's refusal to allow him to withdraw his plea at the sentencing hearing. Van Haele further asserts that the district court abused its discretion when it denied his earlier motion for continuance of trial on the aggravated assault and battery charge in order to try it with a related charge also asserted against him. Upon our review, we affirm.

## ISSUES

[¶ 2] The issues, as phrased by Van Haele, are as follows:

I. Was it arbitrary and capricious and an abuse of judicial discretion for the trial judge to deny appellant's motion to reschedule jury trial in order that both of the felony charges filed against the appellant arising out of the same incident could be tried at the same time?

II. Did the trial court commit reversible error in failing to comply with Rule 11(d) to insure that the appellant's change of plea to "nolo contendere" was voluntary and to require that a factual basis be established before entering judgment on the defendant's change of plea to "nolo contendere" as required by Rule 11(f) of the Wyoming Rules of Criminal Procedure?

III. Was it arbitrary and capricious and an abuse of judicial discretion for the trial judge to deny appellant's request to withdraw his plea of "nolo contendere" prior to entering conviction and passing sentence as provided by Rule 32(d) of the Wyoming Rules of Criminal Procedure?

## FACTS

[¶ 3] On July 2, 2001, Van Haele was charged with one count of aggravated assault and battery stemming from Van Haele's alleged stabbing of another person in violation of Wyo. Stat. Ann. § 6-2-502(a)(ii) (LexisNexis 2003).[1] Initially Van Haele pled not guilty to this charge. A trial date was then set by the district court for January 16, 2002.

[¶ 4] On January 2, 2002, Van Haele was also charged with property destruction and defacement stemming from the same altercation as the aggravated assault and battery charge. Accordingly, Van Haele filed a motion to reschedule the trial in order that the two charges could be tried together. This motion was denied.

[¶ 5] On January 16, 2002, a jury trial commenced on the aggravated assault and battery charge. After two and a half days, during which Van Haele took the stand in his own defense, the trial concluded. Upon deliberation, the jury was unable to reach a verdict. On March 27, 2002, the State filed its Notice of Intent to Retry Case with respect to the aggravated assault and battery charge. The district court then set a new trial date of September 16, 2002, on both the aggravated assault and battery and property destruction and defacement charges. Upon motion, the district court then allowed Van Haele's attorney of record to withdraw from the case on August 14, 2002.

[¶ 6] On August 27, 2002, new counsel formally entered an appearance on Van Ha-

1. Wyo. Stat. Ann. § 6-2-502(a)(ii) (LexisNexis 2003) provides:
 (a) A person is guilty of aggravated assault and battery if he:
 . . .
 (ii) Attempts to cause, or intentionally or knowingly causes bodily injury to another with a deadly weapon[.]

Wyo. Stat. Ann. § 6-1-104(iv) (LexisNexis 2001) defines "deadly weapon" as, but not limited to, "a firearm, explosive or incendiary material, motorized vehicle, an animal or other device, instrument, material or substance, which in the manner it is used or is intended to be used is reasonably capable of producing death or serious bodily injury."

ele's behalf and soon thereafter filed a motion to vacate and reschedule the impending trial. This motion was granted, and the district court rescheduled the trial for February 10, 2003. A plea agreement was reached on February 3, 2003, and a change of plea hearing was held on February 4, 2003.

[¶ 7] At this hearing the State explained that the parties had agreed that, in exchange for Van Haele's plea of nolo contendere to the charge of aggravated assault and battery, the State would dismiss the property destruction and defacement charge and that the State would recommend that Van Haele be sentenced to a term of one to three years, suspended in favor of eighteen months of supervised probation. After receiving the details of the plea agreement, the district court confirmed through Van Haele that the terms of the plea agreement were correctly expressed. Van Haele further indicated that he had ample opportunity to discuss the agreement with his counsel.

[¶ 8] The court then determined that Van Haele was not under the influence of alcohol or drugs and advised Van Haele that the district court was not bound by the plea agreement, that a pre-sentence investigation report would be conducted and, thereafter, another hearing would be held so that the district court could determine if it would accept the plea. The district court further informed Van Haele that if it rejected the plea agreement, Van Haele could withdraw his plea and proceed to trial. However, if the district court accepted the plea agreement, a conviction would be entered, sentence would be imposed, and Van Haele would not be permitted to withdraw his plea. The court also explained to Van Haele some of the terms of supervised probation in the event the district court accepted the plea agreement.

[¶ 9] At that time Van Haele indicated that he still desired to change his plea and formally unconditionally pled nolo contendere to the charge of aggravated assault and battery. The district court further recognized that, because it had sat through the initial trial concerning the alleged facts related to this charge, there was an adequate factual basis to warrant acceptance of the plea.

[¶ 10] On March 27, 2003, a sentencing hearing was held, and the district court indicated that it would accept the plea agreement reached between the parties. Nevertheless, after having just confirmed his desire to proceed based upon his nolo contendere plea, Van Haele surprisingly stated that he wanted to withdraw his plea and proceed to trial. The district court denied Van Haele's request. Judgment and sentence was entered, consistent with the plea agreement, on June 3, 2003. This appeal followed.[2]

## STANDARD OF REVIEW

[¶ 11] The procedure utilized to accept a guilty plea is reviewed by this court as a whole. *Smith v. State*, 871 P.2d 186, 187 (Wyo.1994). "Our inquiry determines if the district court *sufficiently* described the nature of the charges, including the possible penalties; informed the defendant of the right to representation; informed the defendant of the rights waived by a guilty plea; and obtained a factual basis for the plea." *Mehring [v. State ]*, 860 P.2d [1101] at 1106 [ (Wyo. 1993) ] (emphasis added). These procedural requirements are intended to assure that the individual facing the criminal charges is not misled into an unintentional waiver of substantial rights. *Id.*

*McCarty v. State*, 883 P.2d 367, 372 (Wyo. 1994). We look to the totality of the circumstances to determine the voluntariness of a plea. *Mehring v. State*, 860 P.2d 1101, 1108 (Wyo.1993).

*Reyna v. State*, 2001 WY 105, ¶ 9, 33 P.3d 1129, ¶ 9 (Wyo.2001).

[¶ 12] The standard of review for determining the voluntariness of a plea is de novo.

The United States Supreme Court's standard, by which the voluntariness of guilty pleas is measured, is as follows:

2. On appeal, Van Haele is represented by his initial counsel of record who originally was allowed to withdraw from this case on August 14, 2002.

"[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g.bribes)."

*Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970) (quoting *Shelton v. United States,* 246 F.2d 571, 572 n. 2 (5th Cir.1957), rev'd on other grounds, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958)).

*Rude v. State,* 851 P.2d 20, 23 (Wyo.1993). Furthermore, W.R.Cr.P. 11(d) requires that this same inquiry as to voluntariness must be made when a defendant pleads "nolo contendere."

■ [¶ 13] In *Rude v. State,* 851 P.2d 15, 18 (Wyo.1993), we noted that W.R.Cr.P. 15(f) (Rule 11 under the present rules) requires a court to satisfy itself that a factual basis exists for a guilty plea before accepting such plea. Moreover, we recognized that in their treatise on criminal procedure, LaFave and Israel outlined the following purposes of inquiry into the factual basis:

Most importantly, it should protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.... In addition, the inquiry into the factual basis of the plea provides the court with a better assessment of defendant's competency and willingness to plead guilty and his understanding of the charges, increases the visibility of charge reduction practices, provides a more adequate record and thus minimizes the likelihood of the plea being successfully challenged later, and aids correctional agencies in the performance of their functions.

Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* 938 (2d ed.1992). These purposes are served if the record discloses a factual basis composed of the defendant's testimony and admissions and/or the State's presentation of evidence. The trial judge may properly draw inferences from the defendant's admissions or the evidence presented by the State to satisfy all elements of the crime to which the defendant is pleading guilty. *Rude,* at 18. However, this court has clarified that a factual basis is unnecessary upon acceptance of a nolo contendere plea, so long as the charging document, whether it be an information, indictment, or other charging form, contains an accurate and complete statement of all the elements of the crime charged. *Peitsmeyer v. State,* 2001 WY 38, ¶ 7, 21 P.3d 733, ¶ 7 (Wyo.2001).

■ [¶ 14] An abuse of discretion standard is appropriate when determining whether an appellant should have been allowed to withdraw his plea.

A motion to withdraw a guilty plea, such as that filed here, is governed by W.R.Cr.P. 32(d) which provides that if a motion for withdrawal of a guilty plea is made before sentence is imposed, the court may permit withdrawal upon a showing by the defendant of any fair and just reason. A defendant has no absolute right to withdraw a plea of guilty before sentence is imposed, and where the strictures of W.R.Cr.P. 11 have been met, and the defendant intelligently, knowingly, and voluntarily entered into his plea of guilty, the district court's decision to deny such a motion is within its sound discretion. *Burdine v. State,* 974 P.2d 927, 929–30 (Wyo. 1999); 3 Charles Alan Wright, Nancy J. King & Susan R. Klein, Federal Practice and Procedure: Criminal 2d § 538 (1982 and Supp.2001). Seven factors have been suggested as pertinent to the exercise of the court's discretion: (1) Whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice; (3) whether the defendant has delayed in filing his motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was present; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. 3 Wright,

King & Klein, Federal Practice and Procedure: Criminal 2d § 538 (Supp.2001); *United States v. Black,* 201 F.3d 1296, 1299–1300 (10th Cir.2000).

*Doles v. State,* 2002 WY 146, ¶ 11, 55 P.3d 29, ¶ 11 (Wyo.2002) (quoting *Frame v. State,* 2001 WY 72, ¶ 7, 29 P.3d 86, ¶ 7 (Wyo.2001)). Wyoming Rule Criminal Procedure 32(d) similarly addresses the withdrawal of nolo contendere pleas, providing that if a motion for withdrawal of a plea of nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason.

■■■■ [¶ 15] Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Belden v. State,* 2003 WY 89, ¶ 27, 73 P.3d 1041, ¶ 27 (Wyo.2003); *O'Brien v. State,* 2002 WY 63, ¶ 27, 45 P.3d 225, ¶ 27 (Wyo.2002); *Vaughn v. State,* 962 P.2d 149, 151 (Wyo.1998). We will not overturn a district court's discretionary decision unless the court acted in a manner exceeding the bounds of reason and could not rationally conclude as it did. *Billingsley v. State,* 2003 WY 61, ¶ 9, 69 P.3d 390, ¶ 9 (Wyo.2003); *English v. State,* 982 P.2d 139, 143 (Wyo. 1999); *Simmers v. State,* 943 P.2d 1189, 1197 (Wyo.1997).

## DISCUSSION

### Denial of Motion for Continuance

■■■■ [¶ 16] On July 2, 2001, Van Haele was charged with aggravated assault and battery stemming from his alleged stabbing of another person with a Leatherman tool. A trial date of January 16, 2002, was then set by the district court for this charge on September 7, 2001. Six months later and just prior to trial, Van Haele was charged on January 2, 2002, with property destruction and defacement stemming from the same altercation as the aggravated assault and battery charge. Accordingly, Van Haele filed a motion to reschedule the trial in order that the two charges could be tried together.

This motion was denied. Van Haele asserts that the district court abused its discretion when it denied his motion for continuance of trial.

[¶ 17] In *Taylor v. State,* 2003 WY 97, ¶ 11, 74 P.3d 1236, ¶ 11 (Wyo.2003), we recognized:

We have consistently held that an unconditional guilty plea waives an appellate review of non-jurisdictional claims. *Kitzke v. State,* 2002 WY 147, ¶ 8, 55 P.3d 696, 699 (Wyo.2002). The only claims that remain are those that go to the jurisdiction of the court or the voluntariness of the plea. *Id.* (citing *Wilson v. United States,* 962 F.2d 996, 997 (11th Cir.1992)).

Examples of jurisdictional defects are unconstitutionality of the statute defining the crime, failure of the indictment or information to state an offense, and double jeopardy. Non-jurisdictional defects include the use of inadmissible evidence, the use of unlawfully obtained statements, a claim that a grand jury was improperly convened and conducted, and a claim of violation of the right to speedy trial.

*Kitzke,* ¶ 9 (citations omitted).

[¶ 18] We further explained in *Nixon v. State,* 2002 WY 118, ¶ 24, 51 P.3d 851, ¶ 24 (Wyo.2002):

The need for finality in criminal cases when a defendant has voluntarily and knowingly agreed to plead guilty has been recognized on a number of occasions by this Court. When considering the circumstances under which a defendant may appeal after entering into an agreement to plead guilty, this Court has recognized the need for finality in holding that an individual may only raise issues concerning either the jurisdiction of the trial court or the voluntariness of the plea. In that regard, this Court has stated:

In reaching this result, we are aware of the argument that, for the sake of judicial economy, a criminal defendant should not be forced to go to trial merely to preserve his right to appeal pretrial objections. *United States ex rel. Rogers v. Warden of Attica State Prison,* 381 F.2d 209 (2d Cir.1967). However,

against that interest, we must weigh the need for finality in the judicial process.

"A guilty plea should mark the end of a criminal case, not a gateway to future litigation. More than a confession, a guilty plea signals defendant's 'intention not to litigate the question of his guilt, and necessarily involves the surrender of certain constitutional rights....'" *People v. Taylor*, 65 N.Y.2d 1, 489 N.Y.S.2d 152, 154, 478 N.E.2d 755, 757 (1985), quoting *People v. Lynn*, 28 N.Y.2d 196, 201–02, 321 N.Y.S.2d 74, 269 N.E.2d 794 (1971).

*Sword v. State*, 746 P.2d 423, 426 (Wyo. 1987). In addition, in *Smith v. State*, 871 P.2d 186, 188 (Wyo.1994), this Court noted:

A guilty plea prohibits appellate review of all but a few defenses. *Ochoa v. State*, 848 P.2d 1359, 1361–62 (Wyo. 1993); *Sword v. State*, 746 P.2d 423, 425 (Wyo.1987).

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."

*Davila v. State*, 831 P.2d 204, 206 (Wyo. 1992) (quoting *Zanetti v. State*, 783 P.2d 134, 138 (Wyo.1989) and *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973)).

[¶ 19] Some time after filing his motion for continuance of new trial, Van Haele entered an unconditional plea of nolo contendere to the charge of aggravated assault and battery. In such circumstances, an unconditional plea of nolo contendere is tantamount to an unconditional plea of guilty. *Ochoa v. State*, 848 P.2d 1359, 1361, (Wyo.1993); *State v. Steele*, 620 P.2d 1026, 1028 (Wyo.1980). Further, the charge of property destruction and defacement was dismissed under the plea agreement the district court ultimately accepted.

[¶ 20] Due to his plea, Van Haele waived all issues but those related to jurisdiction and voluntariness. The denial of a continuance being neither, we will not address Van Haele's first raised issue on appeal.

## Voluntariness of Plea/Factual Basis For Plea

[¶ 21] Van Haele contends that the district court did not substantiate that his plea of nolo contendere to the charge of aggravated assault and battery was made voluntarily or that a sufficient factual basis supported the plea. In the acceptance of a plea of nolo contendere, a judge is required to follow the dictates of the Wyoming Rules of Criminal Procedure, in general, and W.R.Cr.P. 11, in particular.[3] Rule 11 acts as a guideline for courts in determining that a plea by a defendant is intelligent, knowing and voluntary, and that the plea has been entered with an understanding of the consequences. *Ingalls v. State*, 2002 WY 75, ¶¶ 10–11, 46 P.3d 856, ¶¶ 10–11 (Wyo.2002).

[¶ 22] We have also stated:

A guilty plea must be "knowing and voluntary." *McCarty v. State*, 883 P.2d 367, 372 (Wyo.1994) (quoting *Parke v. Raley*, 506 U.S. 20, 28, 113 S.Ct. 517, 523, 121 L.Ed.2d 391 (1992)). "The validity of a guilty plea is tested by determining 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *McCarty* at *Id.* (quoting *North Carolina v. Alford*,

---

**3.** W.R.Cr.P. 11 states, in pertinent part:

(a) *Alternatives.—*

(1) In General.—A defendant may plead not guilty, not guilty by reason of mental illness or deficiency, guilty, or nolo contendere....

(A) Nolo Contendere.—A defendant may plead nolo contendere only with the consent of the court. Such a plea shall be accepted by the court only after due consideration of the views of the parties and the interest of the public in the effective administration of justice.

...

(d) *Insuring That Plea Is Voluntary.—*The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the state and the defendant or the defendant's attorney.

400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970)).

*Becker v. State*, 2002 WY 126, ¶ 11, 53 P.3d 94, ¶ 11 (Wyo.2002).

[¶ 23] Van Haele's contention that his nolo contendere plea was involuntary is not persuasive. At the change of plea hearing, the State provided the district court with details of the plea agreement, including the sentencing recommendation and restitution amounts. After receiving the details of the plea agreement, Van Haele confirmed that the terms of the plea agreement were correctly expressed. Van Haele further indicated that he had ample opportunity to discuss the agreement with his counsel.

[¶ 24] The court then made inquires to determine that Van Haele was not under the influence of alcohol or drugs. The district court also explained to Van Haele that it was not bound by the plea agreement, that a presentence investigation report would be conducted and, thereafter, another hearing would be held so that the district court could determine if it would accept the plea agreement. The district court further advised Van Haele that if it rejected the plea agreement, Van Haele could withdraw his plea and proceed to trial. However, if the district court accepted the plea agreement, a conviction would be entered, sentence imposed, and Van Haele would not be permitted to withdraw his plea. The court also explained to Van Haele that his plea would entail the loss of certain civil rights, which the district court noted had been discussed with Van Haele at previous proceedings.[4] The district court further summarized some of the terms of his supervised probation should the district court accept the plea agreement.

[¶ 25] At that time Van Haele indicated that he affirmatively desired to change his plea and formally plead nolo contendere to the charge of aggravated assault and battery. In particular, after the above detailed admonishments were given, the following transpired:

THE COURT: Well, what do you think you want to do, Mr. Van Haele? Do you want to change your plea in hopes this agreement will go through, or do you want to go to trial?

[VAN HAELE]: Change my plea, Your Honor.

THE COURT: All right, sir, would you please stand.

As to the charge that on or about June 29, 2001 here in Sheridan County, Wyoming you did attempt to cause or intentionally or knowingly did cause bodily injury to [the victim] in violation of our aggravated assault and battery statute, how do you plead?

[VAN HAELE]: Guilty.

[VAN HAELE'S COUNSEL]: Say "nolo contendere."

THE COURT: All right, you may be seated, Mr. Van Haele.

Thus, we conclude that Van Haele's plea of nolo contendere to the charge of aggravated assault and battery was intelligent, knowing and voluntary, and that such plea was entered with Van Haele's understanding of the consequences.

[¶ 26] Van Haele further argues that the district court did not obtain a sufficient factual basis concerning his nolo contendere plea. The record on appeal discloses that the district court did not question Van Haele about the factual basis establishing Van Haele's nolo contendere plea at the change of plea hearing. Rather, the district court commented as follows:

4. At Van Haele's arraignment hearing concerning the aggravated assault and battery charge, he was plainly informed by the district court that in the event he was found guilty at trial, or if he pled guilty, he could be imprisoned for up to ten years, fined up to $10,000, or both and that he would be subject to a surcharge assessed to the Victims Compensation Fund of at least $100. He was further advised that if he pled guilty, he would waive his right to trial, the right to present and confront witnesses, the right to present evidence in his defense, and the right to object to any evidence presented. He was also advised that he would waive his right to remain silent, that he would lose his rights to vote, own firearms, serve on juries, and hold public office, as well as other consequences. Critically, he was specifically advised that if he pled no contest or nolo contendere and such plea was accepted by the district court, he would be sentenced just the same as if he had pled guilty.

Because this Court has sat through the one trial concerning the alleged facts in this case, I believe there is an adequate factual basis to accept the Defendant's plea of no contest.

[¶ 27] It is true that W.R.Cr.P. 11(f) provides that notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment on a guilty plea without making such inquiry as shall satisfy it that there is a factual basis for the plea. *Ingalls*, at ¶ 11. However, the factual basis for accepting a plea may be inferred from circumstances surrounding the crime and need not be established only from the defendant's statements. *Anderson v. State*, 2002 WY 46, ¶ 32, 43 P.3d 108, ¶ 32 (Wyo.2002) (citing *Barnes v. State*, 951 P.2d 386, 388–89 (Wyo.1998); *Rude v. State*, 851 P.2d at 17–18). Rule 11(f) does not require proof beyond a reasonable doubt that a defendant who pleads is actually guilty; the rule's standard is much lower. *Reyna*, ¶ 14 (citing *United States v. Webb*, 433 F.2d 400, 403 (1st Cir.1970) and *McCoy v. United States*, 363 F.2d 306, 308 (D.C.Cir. 1966)). Rule 11(f) merely requires the court to satisfy itself that a factual basis exists for the guilty plea before accepting such plea. *Lee v. State*, 2001 WY 129, ¶ 14, 36 P.3d 1133, ¶ 14 (Wyo.2001) (citing *Rude*, at 7). Additionally, this court has expressly held that the above-cited requirements do not apply in the acceptance of a plea of nolo contendere, so long as the charging document, whether it be an information, indictment, or other charging form, contains an accurate and complete statement of all the elements of the crime charged. *Peitsmeyer*, ¶ 7.

[¶ 28] In support of this position, this court noted:

At one time in the past the Advisory Committee on Criminal Rules proposed that a plea of nolo contendere not be accepted without the court first satisfying itself that the defendant committed the crime charged. This overlooked the fact that an innocent defendant may not wish to contest the charge and that the nolo plea is a means for him or her to do this. Accordingly that proposal was not adopted and Rule 11(f), requiring the court to determine the accuracy of a plea, applies to guilty pleas but not to pleas of nolo contendere.

1A Charles Alan Wright, *Federal Practice and Procedure:* Criminal 3d § 177 (1999).

We embrace that proposition because any other reading of W.R.Cr.P. 11(f) would obliterate the distinction between a plea of guilty and a plea of nolo contendere. *State v. Steele*, 620 P.2d 1026, 1028 (Wyo.1980); *State v. Merino*, 81 Hawai'i 198, 915 P.2d 672, 691–92 (1996). Thus, we expressly hold that a district court need not obtain a factual basis when accepting a plea of nolo contendere, so long as the charging document, whether it be an information, indictment, or other charging form, contains an accurate and complete statement of all the elements of the crime charged.

*Peitsmeyer*, at ¶¶ 6–7.

[¶ 29] Here, the information expresses an accurate and complete statement of the elements of the charge of aggravated assault and battery. In addition, the affidavits of probable cause made a part of the information give detailed descriptions of the events that were alleged to have occurred on the evening in question.

[¶ 30] Upon reading the transcript of the initial trial, however, we conclude that Van Haele, himself, provided an adequate factual basis to support his nolo contendere plea to the aggravated assault and battery charge. Specifically, Van Haele clearly admitted that after he kicked in the doors of the victim's vehicle, a fracas ensued between himself and the victim. Thereafter, Van Haele realized that a Leatherman tool was in his pocket so he unfolded it under his belly and stabbed the victim. Moreover, both the victim and Ms. Van Haele gave their eyewitness testimony substantiating these facts. Numerous other witnesses who later arrived at the scene testified they saw that the victim had been stabbed and Van Haele admitted to them that he had stabbed the victim. The Leatherman tool was found at the scene and was identified as being in Van Haele's possession. Additionally, Dr. Walter H. Gould testified that the stabbing wound resulted in the laceration of the victim's skin and lung causing bleeding into the chest cavity, which

had to be drained. The victim was required to stay in the hospital for four days as a result of the injury he sustained. The record is sufficient to support the district court's conclusion that a factual basis existed for Van Haele's nolo contendere plea to aggravated assault and battery even though a factual basis was not required.

### Withdrawal of Plea

 [¶ 31] Finally, Van Haele complains that the district court abused its discretion when it refused to allow him to withdraw his nolo contendere plea at the sentencing hearing. Van Haele contends the district court erred in failing to even make an inquiry into the reason why he wanted to withdraw his plea.

[¶ 32] At the sentencing hearing the following transpired after Van Haele noted certain areas within the pre-sentence investigation report with which he disagreed:

THE COURT: Well, the Court is very familiar with the case and is prepared to approve the plea agreement. Anything else you want, counsel?

. . .

THE COURT: Mr. Van Haele, is there anything you'd like to say to the Court before the sentence is imposed?

[VAN HAELE]: I would—I would really like to revoke that plea and have a jury trial again.

THE COURT: You may be seated, Mr. Van Haele.

Mr. Van Haele, the Court is satisfied that you have been given all possible advisements concerning your rights and how the procedure would work in this case. At the change of plea hearing I explained to you that if the plea agreement is accepted, which I have just done, a conviction would be entered against you; you would not be permitted to withdraw your plea and you would be sentenced pursuant to the terms of the agreement.

So, based on advisements that have been given since July of 2001, I would deny a request to allow you to withdraw your plea of no contest.

Anything else?

[VAN HAELE]: No.

[¶ 33] Regarding the seven factors guiding the district court's discretion, it may be said from this record: (1) Van Haele's assertion of innocence was his original plea of not guilty; he confessed to witnesses after the incident and at the initial trial to having stabbed the victim with the Leatherman tool, however at trial he claimed self-defense; (2) the government would likely suffer prejudice from a plea withdrawal because the crime involved occurred almost a year and a half earlier; (3) Van Haele delayed making any motion to withdraw his plea of nolo contendere for nearly two months after formally entering such plea and did so only after the district court indicated that it was going to approve the plea agreement at his sentencing hearing; (4) such delay would substantially inconvenience the court; (5) there is nothing to suggest the assistance of Van Haele's counsel was inadequate or unavailable; (6) the nolo contendere plea was accepted after thoroughly establishing its knowing and voluntary character; and (7) withdrawal of the plea would obviously squander not only judicial resources but the time and efforts of the prosecutor and defense attorney.

[¶ 34] Van Haele failed to supply the district court with any fair and just reason for withdrawing the nolo contendere plea, and the record manifestly demonstrates compliance with W.R.Cr.P. 11 in accepting the plea. Van Haele is critical that the district court erred in failing to make a specific inquiry into the reason that Van Haele wanted to withdraw his plea. Nevertheless, the district court allowed Van Haele an opportunity to do so by inquiring if Van Haele had anything further to add. Therefore, we conclude that denying the motion was a sound exercise of the court's discretion.

### CONCLUSION

[¶ 35] For the foregoing reasons, the conviction of Van Haele and related sentence are affirmed.