2006 WY 92

**Joseph MILLER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**Nos. 05–98, 05–99.**

Supreme Court of Wyoming.

July 28, 2006.

Representing Appellant: Kenneth M. Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Robin Sessions Cooley, Deputy Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL,* KITE, BURKE, JJ.

GOLDEN, Justice.

[¶1] Appellant Joseph Miller entered pleas of "no contest" to one count of third degree sexual assault and one count of aggravated assault and battery on a pregnant woman. Miller claims that his pleas were not knowingly and voluntarily entered and he therefore faults the district court for denying his pre-sentence motion to withdraw those pleas. We affirm.

* Chief Justice at time of expedited conference

## ISSUE

[¶2] Miller presents the following issue for our review:

Whether the trial court erred in accepting Appellant's guilty pleas? [1]

The State rephrases the issue as follows:

Whether the trial court properly accepted Appellant's no contest pleas and whether it abused its discretion in later refusing to allow Appellant to withdraw the pleas?

## FACTS

[¶3] On January 14, 2004, Miller was charged with one count of third degree sexual assault stemming from an incident in which Miller allegedly kissed and fondled an ex-girlfriend without her consent in violation of Wyo. Stat. Ann. § 6–2–304(a)(iii) (LexisNexis 2005). While out on bond on that charge, Miller was charged on March 12, 2004, with aggravated assault and battery on a pregnant woman in violation of Wyo. Stat. Ann. § 6–2–502(a)(iv) (LexisNexis 2005). The latter charge arose from an incident in November of 2003 in which Miller allegedly punched his pregnant girlfriend in the face, resulting in a bloody nose, swollen jaw and cheek, a chipped tooth, and a cut on her tongue.

[¶4] Miller initially pled not guilty to the charges. Following plea negotiations, a plea agreement was reached and a change of plea hearing was held before the district court on June 3, 2004. At that hearing, defense counsel explained that Miller was willing to plead guilty to both charges in exchange for the State's recommendation that Miller be sentenced to concurrent terms of imprisonment of five to seven years on the sexual assault charge and three to five years on the aggravated assault and battery charge. Counsel also informed the district court that Miller would stipulate, for purposes of a factual basis, to the facts presented in the affidavit of probable cause in each case. After some discussion between the district court and counsel concerning the propriety of such a stipulation, defense counsel requested that

1. We assume Miller is referring to his "no contest" pleas since he did not plead guilty to the instant charges.

Miller be permitted to enter pleas of no contest on each charge. The district court agreed after ensuring that Miller understood the nature and consequences of the no contest pleas, including the potential penalties attendant to those pleas. The district court then informed Miller that it was not bound by the sentencing recommendation contained in the agreement and that, if it rejected the recommendation after reviewing the presentence report, he would not be permitted to withdraw his pleas. Miller indicated his understanding of the court's advisements and stated that he still desired to change his pleas. Thereafter, Miller formally pled no contest to the charges, and the State provided a factual basis for Miller's pleas, which Miller did not contest.

[¶ 5] On July 8, 2004, prior to sentencing, Miller obtained new counsel and filed a motion to withdraw his no contest pleas. In his motion, Miller alleged that he was forced to enter the pleas, that he was not legally advised of possible defenses to the charges and the consequences of his pleas and that his pleas were not knowingly and voluntarily entered pursuant to the United States and Wyoming Constitutions. After hearing, the district court denied Miller's motion. Miller was sentenced on February 17, 2005, to the terms of imprisonment contemplated by the plea agreement. This appeal followed.

## STANDARD OF REVIEW

■■■■ [¶ 6] Withdrawal of a guilty plea or plea of nolo contendere before sentencing requires a defendant to show a fair and just reason. W.R.Cr.P. 32(d).[2] We review a district court's decision on a motion to withdraw a guilty plea for an abuse of discretion. *Major v. State*, 2004 WY 4, ¶ 12, 83 P.3d 468, 473 (Wyo.2004). In deciding whether or not the trial court abused its discretion, we must "determine whether the trial court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capri-

cious." *Ingersoll v. State*, 2004 WY 102, ¶ 12, 96 P.3d 1046, 1050 (Wyo.2004). We give deference to the trial court's findings of fact on a motion to withdraw a guilty plea unless those findings are clearly erroneous. *McCard v. State*, 2003 WY 142, ¶ 8, 78 P.3d 1040, 1043 (Wyo.2003).

## DISCUSSION

■■■ [¶ 7] Despite the phrasing of the issue, Miller's argument is focused on the district court's denial of his presentence motion to withdraw his no contest pleas. Miller assails the district court for denying his motion and entering a judgment of conviction against him, alleging that his pleas were not voluntary. Miller claims he was coerced into pleading no contest by his defense attorney and that he was not properly advised of the consequences of his pleas and possible defenses to the charges against him.[3] The district court's factual findings include:

1. That [Miller's] claim that he received ineffective assistance of counsel from his assigned attorney, Jose Bustos, has no merit. Mr. Bustos' testimony as to his representation of [Miller] reveals that [Miller] received adequate advice from counsel as to the implications of his plea[s] of no contest[.]

2. That the Court's record of change of plea proceedings reflects [Miller's] acknowledgement that his plea was entered voluntarily, that he was not under coercion of threats or any promises not recited into the record, and that he understood the consequences of that plea, including the maximum penalties for both charges, and that should the Court not accept the Plea Agreement, [Miller] would not be allowed to withdraw his plea[s].

[¶ 8] After careful review of the entire record, we find that the district court's factual findings are not clearly erroneous. At the motion hearing, Miller testified that he was

2. For purposes of appellate review, a nolo contendere (no contest) plea is functionally equivalent to a guilty plea. *Becker v. State*, 2002 WY 126, ¶ 11, 53 P.3d 94, 98 (Wyo.2002).

3. We note that Miller has not mentioned, let alone addressed, the seven factors we set forth in

*Frame v. State*, 2001 WY 72, ¶ 7, 29 P.3d 86, 89 (Wyo.2001), as pertinent to the exercise of a trial court's discretion in deciding whether to grant a presentence motion to withdraw a guilty plea. Consequently, we will not analyze the propriety of the court's decision in the context of those seven factors.

innocent and that he only pled no contest because counsel pressured him into doing so. Miller testified that he was given only two minutes to review and sign the plea agreement, that Mr. Bustos spent less than ten minutes with him discussing the plea agreement, and that generally Mr. Bustos never adequately explained the case and the consequences of the pleas. Miller also presented testimony from the alleged victim of the aggravated assault charge to the effect that Miller never assaulted her as she originally claimed.

[¶ 9]   On the other hand, Mr. Bustos testified at the motion hearing that he thoroughly discussed the case with Miller and explained the nature and consequences of the plea agreement. Mr. Bustos testified that he left the written plea agreement with Miller for one to three days and, in addition, supplied Miller with a three-page document that outlined the case and provided an assessment of Miller's chances at trial and a recommendation to accept the plea agreement. Mr. Bustos testified that he provided Miller the three-page document approximately three weeks prior to the change of plea hearing. Additionally, Mr. Bustos detailed his rationale for suggesting that Miller accept the plea agreement. Mr. Bustos explained that the victim's recantation would probably have no effect on the outcome of the trial because there was an eyewitness to the event. Mr. Bustos was also concerned that Miller might qualify as a habitual offender and that other charges might be filed against him. Lastly, Bustos flatly denied pressuring Miller into accepting the plea agreement and changing his pleas.

[¶ 10]   It is for the district court to resolve any conflicts in the evidence. In this instance, the district court obviously did not believe Miller's protestations that he entered his pleas involuntarily. The district court's determination is further supported by what occurred at the change of plea hearing. Our independent review of the record reveals that the district court complied with the requirements of W.R.Cr.P. 11. The district court comprehensively discussed with Miller the nature and consequences of the no contest pleas, including the potential penalties associated with those pleas, and the rights he would be relinquishing if the court accepted the pleas. The record is clear that Miller understood the court's advisements and that he entered his pleas with full awareness of the consequences. Miller explicitly acknowledged that his pleas were voluntary and not the product of coercion, promises or improper inducements. Taking all of the testimony at the hearing into account, as well as what transpired at the change of plea hearing, denying Miller's motion to withdraw his pleas was a sound exercise of the district court's discretion.

## CONCLUSION

[¶ 11]   The district court thoroughly considered the testimony presented at the motion hearing and explored the circumstances surrounding the entry of Miller's no contest pleas. It is evident from the record that the district court properly accepted Miller's pleas in the first instance and that Miller failed to demonstrate a fair and just reason for withdrawing his pleas. We find no reason to overturn the district court's decision denying Miller's motion to withdraw his pleas. Affirmed.