# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 137

OCTOBER TERM, A.D. 2013

October 31, 2013

TIMOTHY JAMES RUSSELL,

Appellant
(Defendant),

v.

S-13-0044

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
The Honorable Catherine E. Wilking, Judge

*Representing Appellant:*
W. Keith Goody, Cougar, Washington.

*Representing Appellee:*
Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jeffrey Pope, Assistant Attorney General.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

---

**NOTICE:** **This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KITE, Chief Justice.**

[¶1]   Timothy James Russell was charged with one count of conspiracy to deliver methamphetamine.  Pursuant to a plea agreement with the State, Mr. Russell entered a plea of nolo contendere to the charge.  The district court accepted the plea and scheduled a sentencing hearing.  Thereafter, Mr. Russell retained new counsel who filed a motion to withdraw the plea.  After a hearing, the district court denied the motion.  Mr. Russell appealed, claiming the district court abused its discretion when it denied his motion to withdraw his plea.  We find no abuse of discretion and affirm.

## ISSUE

[¶2]   The issue for this Court's determination is whether the district court abused its discretion when it denied Mr. Russell's motion to withdraw his plea.

## FACTS

[¶3]  In June of 2012, the Natrona County district attorney's office charged Mr. Russell and eighteen other individuals with conspiracy to possess methamphetamine with intent to deliver in violation of Wyo. Stat. Ann §§ 35-7-1031(a)(i) and 35-7-1042 (LexisNexis 2013).  Mr. Russell and the State subsequently reached a plea agreement pursuant to which Mr. Russell agreed to enter a nolo contendere plea to the conspiracy charge and the parties agreed to an eight to fourteen year prison sentence.  Mr. Russell entered his plea at a hearing in September of 2012.  The district court accepted the plea and scheduled the matter for sentencing.

[¶4]  Before the sentencing, a new attorney entered an appearance on Mr. Russell's behalf and filed a motion to withdraw the nolo contendere plea.  In support of the motion, counsel cited W.R.Cr.P. 32(d) and *Starrett v. State*, 2012 WY 133, 286 P.3d 1033 (Wyo. 2012).  He asserted the motion should be granted because it was made before sentence had been imposed and was for a fair and just reason in that Mr. Russell was innocent of the acts the State alleged he had committed.  He further argued the district court was required under *Starrett* to allow Mr. Russell to withdraw his plea because it had not given the advisements required by Wyo. Stat. Ann. § 7-11-507 (LexisNexis 2013) at the plea hearing.  Section 7-11-507 provides:

> (a) No judgment of conviction shall be entered upon a plea of guilty or nolo contendere to any charge which may result in the disqualification of the defendant to possess firearms pursuant to the provisions of 18 U.S.C. §§ 922(g)(1), (9) and 924(a)(2) or other federal law unless the defendant was advised in open court by the judge:

1

        (i) Of the collateral consequences that may arise from that conviction pursuant to the provisions of 18 U.S.C. §§ 921(a)(33), 922(g)(1), (9) and 924(a)(2); and

        (ii) That if the defendant is a peace officer, member of the armed forces, hunting guide, security guard or engaged in any other profession or occupation requiring the carrying or possession of a firearm, that he may now, or in the future, lose the right to engage in that profession or occupation should he be convicted.

[¶5] After a hearing, the district court denied the motion. Relying on *Dobbins v. State*, 2012 WY 110, 298 P.3d 807 (Wyo. 2012), the district court concluded the denial of a motion to withdraw a plea is proper even when a defendant provides a fair and just reason for withdrawing his plea if the advisements required by W.R.Cr.P. 11 were given before the plea was accepted. The district court reviewed the transcript of the plea hearing and concluded it had complied with Rule 11 and Mr. Russell had entered his plea voluntarily and with full knowledge of the consequences.

[¶6] The district court also analyzed the factors articulated in *Frame v. State*, 2001 WY 72, ¶ 7, 29 P.3d 86, 89 (Wyo. 2001):

> (1)Whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice; (3) whether the defendant has delayed in filing his motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was present; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.

The district court in essence concluded: (1) Mr. Russell had asserted his innocence; (2) the State had demonstrated some prejudice; (3) Mr. Russell did not delay in filing his motion; (4) the withdrawal would not substantially inconvenience the court; (5) close assistance of counsel was present; (6) the original plea was entered knowingly and voluntarily; and (7) judicial resources would not be wasted by allowing withdrawal.

[¶7] The district court also considered Mr. Russell's claim that it failed to give the advisements required by § 7-11-507. It concluded § 7-11-507 was inapplicable because Mr. Russell was already disqualified from possessing firearms by a conviction prior to entry of his plea in this case.[1]

---

[1] During the plea hearing, the district court advised Mr. Russell that he would lose "the right to possess and bear firearms…." On appeal, Mr. Russell does not pursue his claim that he was not properly advised

[¶8] Finally, the district court considered W.R.Cr.P. 32(d) which provides as follows:

> (d) *Plea Withdrawal*. – If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only to correct manifest injustice.

Finding Mr. Russell's assertion of innocence to be speculative and conclusory, the district court concluded he had not met his burden of proving that a fair and just reason existed for allowing him to withdraw his plea. Accordingly, the district court entered an order denying his motion and the case proceeded to sentencing. After a hearing, the district court entered a judgment convicting Mr. Russell of conspiracy to possess methamphetamine with intent to deliver and sentenced him to serve eight to fourteen years in prison with credit for 121 days served. Mr. Russell timely appealed.

## STANDARD OF REVIEW

[¶9] We review a district court decision on a motion to withdraw a plea for abuse of discretion. *Dobbins*, ¶ 30, 298 P.3d at 815. The core of our inquiry focuses upon the reasonableness of the district court's decision. *Jackson v. State*, 2012 WY 56, ¶ 6, 273 P.3d 1105, 1107 (Wyo. 2012). The findings of fact leading to denial of a motion to withdraw a plea are subject to the clearly erroneous standard of review. *Dobbins*, ¶ 30, 298 P.3d at 815.

## DISCUSSION

[¶10] Mr. Russell asserts the district court's conclusion that he failed to meet his burden of proving a fair and just reason for allowing him to withdraw his nolo contendere plea is unreasonable. He contends the district court's factual findings on the *Frame* factors weighed heavily in his favor; therefore, his motion should have been granted. He argues his claim of innocence considered alone constituted fair and just reason for allowing the withdrawal. When combined with the findings on the other factors, he asserts the totality of the circumstances supported allowing him to withdraw his plea. If the circumstances in his case did not present "a fair and just reason" for allowing withdrawal, he argues, no circumstance will satisfy the standard and Rule 32(d) as it was intended to apply to pre-sentence motions is functionally dead.

---

under § 7-11-507 and we do not address it. We presume, however, that district courts will comply with § 7-11-507 in light of our holdings in *Starrett*, and more recently in *Balderson v. State*, 2013 WY 107, 309 P.3d 809 (Wyo. 2013).

[¶11]   The State asserts the district court's ruling denying the motion was reasonable. Citing *Dobbins*, the State argues that a district court may deny a motion upon finding that the requirements of W.R.Cr.P. 11 were met when the plea was accepted.  Because those requirements were met in this case, the State contends the district court had "unfettered discretion to deny [Mr.] Russell's motion without analyzing the issue further."   The State further asserts the district court reasonably concluded Mr. Russell failed to meet his burden of proving "a fair and just reason" under Rule 32(d).

[¶12]  In numerous cases, this Court has said:

> A defendant does not enjoy an absolute right to withdraw a plea of guilty prior to the imposition of sentence. The trial court is vested with discretion to determine whether to grant a motion to withdraw a plea of guilty made prior to sentencing, and it does not abuse that discretion by denying the withdrawal of the plea so long as the requirements of W.R.Cr.P. 11 were complied with at the time the plea was accepted.  Even when the defendant provides a plausible or just and fair reason for withdrawal of the plea of guilty, the denial of the defendant's motion does not amount to an abuse of discretion if the trial court conducted a careful hearing pursuant to W.R.Cr.P. 11 at which the defendant entered a plea or pleas of guilty that was knowing, voluntary, and intelligent.

*Dobbins,* ¶ 11, 298 P.3d at 811, citing *McCard v. State,* 2003 P.3d 142, ¶ 6, 78 P.3d 1040, 1042 (Wyo. 2003).  *See also Bear Cloud v. State*, 2012 WY 16, ¶ 18, 275 P.3d 377, 385 (Wyo. 2012); *Demeulenaere v. State*, 2008 WY 147, ¶ 13, 197 P.3d 1238, 1241 (Wyo. 2008); *Hirsch v. State,* 2006 WY 66, ¶ 14, 135 P.3d 586, 592-93 (Wyo. 2006); *Van Haele v. State*, 2004 WY 59, ¶ 14, 90 P.3d 708, 712-13 (Wyo. 2004); *Major v. State*, 2004 WY 4, ¶ 12, 83 P.3d 468, 473 (Wyo. 2004); *Stout v. State*, 2001 WY 114, ¶ 8, 35 P.3d 1198, 1203 (Wyo. 2001); *Nixon v. State*, 4 P.3d 864, 868-869 (Wyo. 2000); *Triplett v. State*, 802 P.2d 162 (Wyo. 1990);  *Osborn v. State*, 672 P.2d 777, 788 (Wyo. 1983);  *Schmidt v. State*, 668 P.2d 656, 660 (Wyo. 1983).  In some of these cases, when asked to decide whether a motion to withdraw a plea was properly denied, this Court limited its inquiry to whether the district court complied with Rule 11.  Those cases generally involved a motion to withdraw a plea specifically based on a claim that the plea resulted from a district court's failure to comply with Rule 11.  In *Nixon*, 4 P.3d at 869, for example, the defendant moved to withdraw his plea claiming that the district court improperly failed to advise him at the plea hearing of the mandatory minimum sentence for first degree murder.  This Court concluded the district court complied with Rule 11 and the defendant's motion to withdraw his plea was properly denied.  *See also Stout*, ¶ 14, 35

4

P.3d at 1205, where the defendant claimed the Rule 11 hearing transcript showed he did not knowingly, voluntarily or intelligently enter his plea and we concluded the district court correctly found the Rule 11 requirements were satisfied. In the context of a plea withdrawal motion based upon an assertion that Rule 11 was not followed, the quote from *Dobbins* is an accurate statement of Wyoming law.

[¶13]   In cases where the plea withdrawal motion was not related to the Rule 11 advisements, however, this Court generally has not limited the focus of our inquiry to Rule 11 but has considered other factors when reviewing a district court denial of a motion to withdraw a plea. In *Osborn*, 672 P.2d at 789, for example, the defendant sought to withdraw his plea claiming that he was under the influence of drugs at the time he entered it. He did not claim that the district court failed to inquire at the plea hearing whether he was under the influence of drugs and he was not asserting a lack of compliance with Rule 11. In considering his claim on appeal that the district court abused its discretion when it denied his motion to withdraw his plea, this Court carefully reviewed not only what occurred at the plea hearing but also the evidence presented at the change of plea hearing, including the testimony of three witnesses who either observed the defendant around the time of his plea or had specialized knowledge concerning the medications he took. Their testimony was to the effect that the defendant showed no signs of being impaired and had not taken dosages sufficient to cause impaired reasoning. *Id*. at 790-91. Based upon what occurred before, during and after the defendant entered his plea, including the evidence presented at the hearing on the motion to withdraw, the Court concluded there was no abuse of discretion. Because the defendant's motion was not based upon a claim of noncompliance with Rule 11, the Rule 11 advisements were not the focus of this Court's inquiry.

[¶14]  In *Schmidt*, 668 P.2d at 659, the defendant sought to withdraw his guilty plea after obtaining new evidence supporting a defense of mental illness or deficiency. While agreeing the evidence presented a fair and just reason for withdrawal of his plea, this Court reviewed what occurred at the hearing when the plea was accepted and concluded the defendant was advised in accordance with Rule 11 (then Rule 15), there was no indication the guilty plea was not voluntary, there was a factual basis and the defendant understood the consequences of pleading guilty. The Court stated:

> Withdrawal of a plea of guilty before sentencing is not an absolute right. Denial by the district court is within its sound discretion and there must be a plausible reason for withdrawal. [citations omitted] Where an exhaustive voir dire of defendant before accepting plea makes it abundantly clear that the plea was entered voluntarily, with full understanding of its consequences, and there is a factual basis, there is no abuse of discretion.

5

*Id.*, quoting *Ecker v. State*, 545 P.2d 641, 642 (Wyo. 1976). However, the Court went on to consider other circumstances besides the district court's compliance with Rule 11.

> The trial court twice had ordered that Schmidt be examined on the issue of mental illness or deficiency. It had before it a third report from the Wyoming State Hospital, a fourth report from Dr. Yost, and a report made some years earlier in Iowa. The case had been filed in the district court for almost a year. Similar proceedings had been conducted in a neighboring county. The State of Wyoming had prepared its case for trial on two occasions, and on one of those the jury panel actually had reported for duty. Because abuse of discretion is the standard we do not require that the State establish prejudice, but on the state of this record we could not as a matter of law negate a conclusion by the district court that prejudice had been shown.

*Schmidt*, 668 P.2d at 661.

[¶15] *Osborn* and *Schmidt* were decided before *Frame*, 2001 WY 72, 29 P.3d 86, in which this Court adopted the seven part test for reviewing a district court's exercise of discretion in ruling on a motion for plea withdrawal. As reflected in *Osborn* and *Schmidt*, even before adoption of the *Frame* factors, this Court's review was not limited to whether the Rule 11 advisements were given when the plea was entered; rather, this Court considered all of the relevant circumstances. Likewise, in *Frame*, the defendant did not contend the district court failed to comply with Rule 11; rather, he asserted he was forced to plead guilty by his attorney. *Frame*, ¶ 8, 29 P.3d at 89. It was in that context that we adopted the seven factor test for reviewing a district court's exercise of discretion to deny a motion for plea withdrawal. As in earlier cases, we reviewed all of the circumstances including the defense attorney's performance throughout the case, the evidence the State had against the defendant and the defendant's extensive criminal history. We concluded the defendant's claim of coercion was without merit based upon all of the circumstances and did not limit our review to whether the Rule 11 advisements were properly given at the plea hearing.

[¶16] Since *Frame*, this Court has continued to consider all of the relevant circumstances when reviewing district court rulings relating to plea withdrawals. *See Doles v. State*, 2002 WY 146, ¶ 11, 55 P.3d 29, 32 (Wyo. 2002), where the defendant sought to withdraw his plea claiming his counsel was ineffective in that she coerced him into pleading guilty and upon review of the *Frame* factors we concluded denying the motion for plea withdrawal was not an abuse of discretion; *Herrera v. State*, 2003 WY 25, 64 P.3d 724 (Wyo. 2003) in which we held the defendant presented a fair and just reason for

6

withdrawing his plea where the prosecutor breached the plea agreement; *McCard*, ¶ 7, 78 P.3d at 1043-44, where after considering the Rule 11 advisements and the *Frame* factors, we concluded the defendant did not posit a fair and just reason for withdrawing his plea; *Major*, ¶ 13, 83 P.3d at 473, where we concluded the record demonstrated compliance with Rule 11 at the plea hearing and the defendant failed to show a fair and just reason for withdrawing his plea. *See also Dobbins*, ¶ 53-71, 298 P.3d at 821-25; *Jackson*, ¶ 10, 273 P.3d at 1109; *Kruger v. State*, 2012 WY 2, ¶ 25, 268 P.3d 248, 254 (Wyo. 2012); *Miller v. State*, 2006 WY 92, ¶¶ 7-11, 138 P.3d 688, 690-691 (Wyo. 2006); *Hirsch*, ¶¶ 15-23, 135 P.3d at 593-595; *Van Haele*, ¶ 33, 90 P.3d at 717.

[¶17]    Given the plethora of cases in which this Court has considered all the circumstances surrounding entry of an initial plea and the reasons for withdrawing a plea, the State is incorrect in its assertion that the district court had unfettered discretion to deny the motion upon finding the Rule 11 requirements were met at the hearing when Mr. Russell entered his plea of nolo contendere.   To the extent the district court's ruling suggests that compliance with Rule 11 when the plea was entered was grounds in and of itself to deny the motion to withdraw, it was likewise incorrect.   When lack of compliance with Rule 11 is not the sole basis for a defendant's motion to withdraw a plea, the court's inquiry in determining whether to grant the motion is broader than Rule 11, encompassing the *Frame* factors and whether the defendant has presented a fair and just reason for the motion within the meaning of Rule 32.

[¶18] We turn to consideration of whether the district court abused its discretion when it denied Mr. Russell's motion.   In the motion and at the hearing, defense counsel argued that Mr. Russell made no admissions at the hearing when he entered his nolo contendere plea and was now asserting his innocence.   Defense counsel further asserted that the information and supporting affidavit, which together were over twenty pages long, mentioned Mr. Russell in only three of eighty-five paragraphs:

> 37.   On November 21, 2011, text messages and calls were intercepted whereby Tim **Russell** agreed to put $100.00 in [co-defendant] Frederick's [bank] account because Frederick was stranded out of state.
>
>       . . . .
> 71.   On December 18, 2011, Frederick met with . . . **Russell** according to communications that were intercepted by agents.
>
> 72.    Subsequently on December 18, 2011, agents intercepted a telephone call from Frederick to [co-defendant] Lewis.   Frederick said that he looked in the shed and it did not look like he had enough methamphetamine for Lewis. Frederick said that he only found "8" of them.   Lewis said she

7

wanted one. Frederick said that they were "small ones," indicative of grams rather than ounces. Shortly thereafter, Lewis called Frederick. Frederick said that he would bring "it back" in ten minutes and wanted to know if Lewis got her money together. Shortly after that, Frederick called Lewis and said that he was going to bring Lewis' "shit" to her house. The two then argued and that call ended. Minutes later, Lewis called Frederick. Frederick asked if Lewis was just going to "give it all away." Several minutes later, Lewis called Frederick and wanted to know if it was possible to get more "stuff" to sell. Frederick said he had enough, but wanted Lewis to pay for what Frederick gave her the previous day. Later that evening, Frederick called Lewis. Frederick wanted to come over to see Lewis. Lewis said that she wanted more of that "one thing." Frederick said that he had to meet with *Russell* and get some methamphetamine from *Russell*. Lewis said that she did not want to deal with *Russell*, she only wanted to deal with Frederick. The two argued, then discussed what to eat for dinner. Frederick said that he would bring Lewis some methamphetamine after he met with *Russell*.

(Emphasis added.)

[¶19] Addressing the allegations in these three paragraphs, defense counsel asserted there were plausible explanations having nothing to do with illegal drugs for why Mr. Russell might be willing to send Frederick money and in any event Mr. Russell never sent the money. Defense counsel argued the conversation between Lewis and Frederick was hearsay and could not be used to prove a conspiracy and there were other possible explanations for Frederick mentioning Mr. Russell, such as perhaps wanting to get Lewis off his back by diverting her attention elsewhere. Defense counsel argued the case against Mr. Russell was thin at best and Mr. Russell's assertion that he was innocent was by itself a "fair and just reason" for allowing him to withdraw his plea.

[¶20] Under *Frame*, a defendant's assertion of innocence is one factor considered in deciding whether to grant a motion for plea withdrawal. *Frame*, ¶ 7, 29 P.3d at 89. Addressing all of the factors, we have said:

> Our intention in setting out the list of factors in *Frame* was to provide guidance to the trial courts in making the determination of whether a defendant has presented a fair and just reason in support of the motion to withdraw his guilty plea. The factors were also intended to assist us in reviewing

8

the district court's decision . . . . We emphasize, however, that the factors were offered in *Frame* as a guide to the considerations that may be relevant in determining a motion to withdraw and consideration on the record or each specific factor by the court is not mandatory. *No single factor is dispositive*, and the ultimate determination on the motion is based upon whether the defendant has carried his burden of establishing a fair and just reason for withdrawal.

*Dobbins*, ¶ 53, 298 P.3d at 822, quoting *Major,* ¶ 14, 83 P.3d at 473. Thus, an assertion of innocence does not by itself establish a fair and just reason for allowing plea withdrawal.

[¶21] Mr. Russell's assertion of innocence came through his attorney by way of written motion and oral argument. Mr. Russell did not testify at the hearing on his motion nor did he submit an affidavit setting forth evidence supporting his claim of innocence. The district court concluded the assertion was speculative, conclusory and based upon defense counsel's admittedly incomplete review of discovery.

[¶22] This Court has not previously addressed the issue of what a defendant must show in order to meet his burden of proving a fair and just reason exists for withdrawing his plea based upon an assertion of innocence. Other courts that have addressed the issue, however, require more than a bare assertion of innocence. In *United States v. Byrum*, 567 F.3d 1255, 1264-1265 (10ᵗʰ Cir. 2009), for example, where the defendant sent a letter to the court immediately before the sentencing hearing in which he claimed his innocence, the appellate court upheld the denial of the motion for plea withdrawal in part because the defendant failed to "make [any] factual argument that supports a legally cognizable defense." The Court stated:

> While an assertion of innocence may, in some cases, satisfy the first *Yazzie*[2] factor, the "mere assertion of a legal defense is insufficient; the defendant must present a credible claim of legal innocence." *United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007); see also *United States v. Hickok*, 907 F.2d 983, 985 n.2 (10th Cir. 1990) ("[T]he assertion of a defendant's subjective belief in his own innocence does not mandate allowing him to withdraw his plea of guilty." (quotation and alteration omitted)).

---

[2] *United States v. Yazzie*, 407 F.3d 1139, 1142 (10th Cir. 2005), in which the Tenth Circuit reiterated the seven factors set out in *United States v. Black*, 201 F.3d 1296, 1299-1300 (10ᵗʰ Cir. 2000) which this Court adopted in *Frame*.

*Id*. (Footnote added.) Other courts likewise require a defendant to support his claim of innocence with more than a bald assertion. *See United States v. Hodges*, 259 F.3d 655, 661 (7th Cir. 2001), a defendant must present credible evidence beyond a naked claim of innocence; *United States v. McCoy*, 215 F.3d 102, 106 (D.C. Cir. 2000), the defendant's "general denial" is not enough; he must "affirmatively advance an objectively reasonable argument that he is innocent"; *United States v. Ludwig*, 972 F.2d 948 (8th Cir. 1992), a mere assertion of innocence, absent a substantial supporting record, will not be sufficient to overturn a denial of a motion to withdraw; *State v. Cherry*, 691 S.E.2d 40 (N.C. 2010), where a defendant failed to offer evidence to support his claim of innocence, his motion to withdraw his nolo contendere plea was properly denied.

[¶23] In the present case, no evidence was presented in support of Mr. Russell's claim of innocence. Rather, his attorney suggested there might be innocent explanations. Addressing the first allegation against Mr. Russell, defense counsel stated: "And there's lots of innocent explanations for the hundred dollars. Like for instance, Frederick was a friend, and they knew each other since . . . they were children." Addressing the last allegation, defense counsel stated:

> [T]here's all kinds of innocent explanations even for that statement.
>
> One of the explanations I can conceive of – I'm just speculating here – but it might be, Well, here you have an addict, Lewis, bugging her boyfriend for methamphetamine. He wants to get rid of her; he just tells her, Hey, go ask Russell. He could have said ask Jones or ask Smith or ask anybody. But – and then there isn't any proof, that I'm aware of anywhere – now I may be wrong … I'm not fully informed, as I sit here today, because I haven't gotten any of the discovery.
>
> There's no proof anywhere, that I'm aware of, that Russell even had methamphetamine at the time that Frederick said that.

Counsel's hypothetical explanations of the allegations against his client are not evidence and do not give rise to a credible claim of innocence. The district court reasonably concluded Mr. Russell's assertion of innocence did not constitute a fair and just reason for allowing him to withdraw his plea.

[¶24] Mr. Russell next contends that considered together the *Frame* factors weighed heavily in his favor. Of the seven factors, he asserts only two weighed against allowing

him to withdraw his plea—whether he had close assistance of counsel and whether his original plea was knowing and voluntary. He concedes those factors, but claims the other factors weighed heavily in favor of allowing him to withdraw his plea and go to trial. His argument focuses on his assertion of innocence and the contention that he made a mistake when he entered a plea. Again, an assertion of innocence based on admittedly speculative explanations unsupported by any evidence is not sufficient to show a fair and just reason for allowing a plea withdrawal. We also have said that a change of mind or belated misgivings about entering a plea do not constitute a fair and just reason for allowing a plea withdrawal. *Winsted v. State*, 2010 WY 139, ¶ 16, 241 P.3d 497, 501 (Wyo. 2010). Mr. Russell did not carry his burden of establishing a fair and just reason for withdrawal of his plea. The district court did not abuse its discretion in denying the motion.

[¶25] Affirmed.